IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JEFFREY A. RICHARDS, #286446         *
    Plaintiff,
v.                                   * CIVIL ACTION NO. WDQ-14-2387

STACY M. CROSS, *et al.*             *
    Defendants.
                                 *****

MEMORANDUM

I. Procedural History

On July 25, 2014, Jeffrey A. Richards, who is currently housed at the Metropolitan Transition Center in Baltimore, Maryland, filed this 42 U.S.C. § 1983 lawsuit against Stacy Cross, a certified nurse practitioner, and the private mental health care service company, Mental Health Management ("MHM") complaining that in June of 2012, defendant Cross failed to check the therapeutic level of his lithium prescription as instructed by a physician, causing him to suffer from side effects. (confusion). ECF No. 1.

Defendants Cross and MHM Services, Inc. have filed a Motion to Dismiss. ECF No. 5. Plaintiff has filed opposition responses. ECF Nos. 11 & 15. Defendants have filed a reply. ECF No. 12. The case may be determined without oral argument. *See* Local Rule 105.6. (D. Md. 2014). For reasons to follow, Defendant's motion to dismiss shall be denied. Richards's second motion for appointment of counsel shall be denied.[1]

---

[1] Richards renews his request for appointment of pro bono counsel, claiming that he is incapable of representing himself due to mental impairments arising from a 1990 automobile accident. ECF No. 14. He attaches a eighteen-year old psychological evaluation in support of his claim that he is unable to present his case. *Id.* at attachment. For reasons previously articulated by the court, *see* ECF No. 13, the motion shall be denied.

II.      Standard of Review

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to prove the 'grounds' of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corporation v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007). "[S]omething beyond the mere possibility of loss causation must be alleged, lest a plaintiff with a 'largely groundless claim' be allowed to 'take up the time of a number of other people...'" *Id.* at 1966 (quoting *Dura Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336 (2005)). In deciding a motion to dismiss pursuant to Rule 12(b)(6), the Court must "accept the well-pled allegations of the complaint as true" and "construe the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff." *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997). However, "because the court is testing the legal sufficiency of the claims, the court is not bound by plaintiff's legal conclusions." *IFAST, Ltd. v. Alliance Solution Telecommunications Industry*, 2007 WL 3224582, *3 (D. Md. 2007).

III. Analysis

Defendants first argue that Richards's claim should be dismissed because he has failed to exhaust his administrative remedies as required under the Prison Litigation Reform Act or 28 U.S.C. § 1997e(a). In *Adamson v. Correctional Medical Services, Inc.*, 359 Md. 238 (Md. 2000), however, the Court of Appeals of Maryland examined the legislative history of the Maryland Administrative Remedy Procedure ("ARP") grievance process and observed that it permitted a prisoner to submit a complaint for grievances against officials or employees of the Maryland DOC and Patuxent Institution through to the Inmate Grievance Office ("IGO"). The state appellate court further noted

that the IGO declines to hear prisoner grievances against private health care contractors. *Adamson*, 359 Md. 266-271. The Court of Appeals concluded that the Maryland prisoner administrative remedy process does not encompass complaints against private medical providers under contract with the state. This court has adopted the *Adamson* analysis and found that administrative exhaustion may not be raised as an affirmative defense by healthcare providers at Department of Public Safety and correctional Services facilities. *See Shannon v. Nero*, 2013 WL 500704 (D. Md.) February 08, 2013 (D. Md. 2013) *Shipe v. Mumby and Simmons*, 2012 WL 5417332 (D Md. 2012); *Chisum v. Maryland*, 2010 WL 481350 (D. Md. 2010) *Calhoun v. Horning, et al.*, 2009 WL 2913418 (D. Md. 2009). Therefore, in this case, an MHM employee may not raise an exhaustion defense.

Defendants additionally maintain that Richards is barred from re-litigating his claim as his prior action against Defendant Cross was dismissed with prejudice. The court finds this argument unavailing. While it is true that Richards previously filed an action against defendant Cross and others, raising similar claims, that complaint was dismissed on Richards's motion for voluntary dismissal. *See Richards v. Hejirka*, et al., Civil Action No. WDQ-14-207 (D. Md.). The dismissal was without prejudice and does not bar him from filing this case.

Finally, this court is mindful of its obligation to construe liberally the pleadings of pro se litigants such as Richards. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a pro se complaint, a plaintiff's allegations are assumed to be true. *Id.* at 93 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). While defendants correctly observe that medical malpractice, a state tort, is not actionable under 42 U.S.C. § 1983. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (medical malpractice does not become a constitutional violation merely because the

victim is a prisoner."), Richards's self-represented complaint was generously construed to assert an Eighth Amendment claim alleging that Nurse Cross evinced deliberate indifference when for a lengthy period of time she failed to conduct blood tests to evaluate Richards's therapeutic lithium levels, as ordered by a physician. He claims he experienced psychological side-effects. Defendants do not provide any medical records to respond to this claim nor do they address Richards's failure to allege a physical injury under 42 U.S.C. § 1997e(e). Therefore, for the aforementioned reasons, their motion to dismiss shall be denied. The parties shall follow the schedule set out in the accompanying Order.

Date: December 10, 2014

_____
William D. Quarles, Jr.
United States District Court Judge